# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:13-cr-153 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| DORIAN AYACHE and ) | |
| THERESA C. VINCENT, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM & ORDER

Defendant Theresa Vincent has filed a Motion to Dismiss Count Four of the Indictment (Docket No. 90), to which the government has filed a Response in opposition (Docket No. 91).

Briefly, in the Superseding Indictment, the government charges Vincent with perjury under 18 U.S.C. § 1623, stemming from (allegedly) false testimony that she gave during her May 22, 2013 appearance before the grand jury. At the time, the government was investigating whether Dorian Ayache and others may have violated 49 U.S.C. § 521(b)(6)(A) or otherwise conspired to violate Department of Transportation orders in violation of 18 U.S.C. § 371. According to the Superseding Indictment, Vincent made "false material declarations" to the grand jury regarding her communications with Dorian Ayache concerning those charges. It alleges that the grand jury was, among other things, seeking "to identify the persons who had committed, caused the commission of, and conspired to commit" violations of § 521(b)(6)(A) and § 371, and that it was "material to the said investigation that the grand jury ascertain the extent to which defendants Theresa C. Vincent and Dorian Ayache had communicated and the content of such communications." It alleges, with direct quotations from the grand jury transcript, that Vincent testified that she had essentially no recent contact with Ayache of any

1

substance, that she had not spoken with Ayache within the five months prior to her grand jury testimony, and that she had not had any discussions with Ayache concerning the grand jury investigation. The Superseding Indictment alleges that Vincent knowingly presented false testimony concerning this "material" matter, because she had (and knew that she had) communicated with Ayache numerous times in the months preceding her grand jury testimony, including communications on March 13, 2013, March 18, 2013, March 21, 2013, April 9, 2013, and April 15, 2013.

Under Fed. R. Crim. P. 7(c), an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Generally, "[a]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence [sic] intended to be punished." *United States v. Coss*, 677 F.3d 278, 288 (6th Cir. 2012) (internal quotation omitted). "However, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (internal quotation omitted); *see also Anderson*, 605 F.3d at 411; *United States v. Collis*, 128 F.3d 313, 317 (6th Cir. 1997).

To prove a charge of perjury under 18 U.S.C. § 1623, the government must prove that the defendant (1) knowingly made (2) a materially false declaration (3) under oath (4) in a

proceeding before or ancillary to any court of the United States. *United States v. Lee*, 359 F.3d 412, 416 (6th Cir. 2004). In the words of the statute itself: "Whoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . , knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 1623(a).

Here, the Superseding Indictment not only tracks the language of the statute and its constituent elements, it also provides additional specific details regarding the alleged perjury and its relationship to the investigation. It alleges that Vincent knowingly gave false testimony on May 22, 2013 concerning her communications with Dorian Ayache, that she gave the false testimony under oath, that she gave the false testimony during a grand jury proceeding, and that the false statements concerning her communications with Dorian Ayache were material to the grand jury's investigation. By tracking the statutory language and the elements of a perjury offense in clear and concise terms, Count Four is demonstrably sufficient on that basis alone.

Vincent appears to challenge the Indictment on the grounds that, *notwithstanding* the allegations of materiality in the Superseding Indictment, Vincent's allegedly false grand jury testimony was *in fact* not "material" to the grand jury's investigation. Vincent's brief does not mention, let alone address, the relevant standard for the sufficiency of an indictment. Indeed, whether the testimony at issue in fact was material is a separate question that is not proper for the court to address in a motion to dismiss the indictment. The court's role is limited to testing the sufficiency of the Superseding Indictment's allegations, a standard that is easily met here.

At any rate, the government makes a plausible argument that the allegedly false testimony was material. A statement is material if it "has the natural tendency to influence, or

was capable of influencing, the decision of the decision-making body to which it was addressed." *Lee*, 359 F.3d at 416 (internal citations omitted). The government is not required to show that perjured testimony actually influenced the relevant decision-making body. *Id.* Here, the timing and content of communications between potential conspirators (Ayache and Vincent) may have been relevant circumstantial evidence in determining whether they in fact agreed to defraud the United States or to impair its lawful functions in violation of 18 U.S.C. § 371. At any rate, it will be for a jury to decide whether Vincent's allegedly false testimony was "material" to the grand jury investigation, among the other required elements for a perjury conviction.

For the reasons stated herein, Vincent's Motion to Dismiss Count Four is hereby **DENIED**.

It is so **ORDERED**.

Enter this 25th day of June 2014.

_____
ALETA A. TRAUGER
United States District Judge